HENRY SEXTO, Plaintiff and Appellant, *v.* MAXIMINA COELLO TORRES ET AL., Defendants and Appellees.

No. 10049.    Argued November 23, 1949.—Decided November 25, 1949.

*Luis Mercader* and *Sergio G. Gelpí* for appellant.    *A. Reyes Delgado* por appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a petition for habeas corpus in which the petitioner alleged that he is the father of two children, aged 5 and 6, over whom he has *patria potestas* as provided in a judgment of divorce against his former wife; that his children have been residing with the respondents, their maternal grandparents, under an agreement to return them to the petitioner whenever so requested; that he has requested their return now that he has a home for them by virtue of his new marriage; and that the respondents have refused to deliver his children to the petitioner.

At the trial, after the documentary evidence establishing the divorce and remarriage of the petitioner had been introduced and before any other evidence was presented, the respondents made an oral motion to dismiss the petition on the ground that the petitioner had automatically lost the *patria potestas* over his children by virtue of his remarriage.

556

The lower court granted this motion, and the petitioner appealed.

■■ The lower court was manifestly in error when it ruled that remarriage automatically divested the father of the *patria potestas.* Section 164 of the Civil Code, as amended by Act No. 14, Laws of Puerto Rico, 1939, reads as follows:

"Upon dissolution of the marriage bond for any reason, the father or mother who remarries or who has remarried, shall lose the *patria potestas* over his or her children during the continuance of such marriage. The *patria potestas* shall likewise be lost by the father or mother who has obtained a decree of divorce in his or her favor, if he or she should wilfully abandon, for a period of more than one (1) year, the children had in said marriage. The action to decree the loss of said *patria potestas* shall be prosecuted in declarative proceedings before the district court of the district wherein the minor or minors reside, on complaint of any of the persons called upon to exercise tutorship by operation of law, and provided the court after hearing the proper evidence, deems it expedient for the benefit of the minor or minors; *Provided,* That the father or mother, if any, already deprived of the *patria potestas,* may also petition for the appointment of a proper tutor." .

In passing on § 164 as amended, we said in *Guijarro* v. *Lluberas,* 58 P.R.R. 469, 471–2 the following:

"The intention of the legislator has been, in our opinion, clearly expressed. Looking after the welfare and happiness of the minor and fearing that the latter might be compelled to live, against his will, with a stepfather or stepmother who could illtreat him, the legislator provided that the spouse who kept the patria potestas over his or her minor children after a judgment of divorce, would lose it if he remarried and as long as this second marriage lasted. This loss of *patria potestas* does not take place automatically as soon as the second marriage is celebrated. Two essential requisites must be complied with before the *patria potestas* is lost: (a) that an action be brought in declarative proceedings by any of the persons called upon to exercise tutorship by operation of law; and (b) that the court,

after hearing the evidence, reach the conclusion that it is convenient and beneficial for the minor that the loss of the *patria potestas* be decreed. As long as these two requisites are not complied with, the innocent spouse shall continue, in spite of the fact that he has remarried, to exercise the *patria potestas* which was given to him by the judgment of divorce."

We quoted the foregoing language with approval in *Pastrana* v. *Díaz*, 59 P.R.R. 533.

As the remarriage of the petitioner did not automatically terminate his *patria potestas*, the lower court erred in interrupting the trial and dismissing the complaint on that ground.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.